**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-3064-STA-cgc** |
| | ) | |
| **JAMES D. ROBINSON, JR.** | ) | |
| | ) | |
| **Appellee.** | ) | |

---

**ORDER AND MEMORANDUM OF LAW**

---

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Western District of Tennessee. Appellant United States of America ("United States") appeals the decision of the Bankruptcy Court that the automatic stay of 11 U.S.C. § 362(a) bars enforcement of restitution orders as against the property of a bankruptcy estate and that 18 U.S.C. § 3613(a) does not allow the United States to routinely enforce such orders against property of a bankruptcy estate. On consideration of the issues and arguments, the Court **REVERSES** the United States Bankruptcy Court and holds that 18 U.S.C. § 3613 serves to exempt enforcement of criminal restitution orders from the automatic stay as against all property of the person ordered to pay, including property nominally included in the bankruptcy estate.

**BACKGROUND**

The parties do not appear to dispute the Bankruptcy Court's findings of fact. The Court recites them here to provide context for the issues of law presented.

On November 27, 1996, Appellee James D. Robinson ("Robinson") pleaded guilty to charges of mail fraud and aiding and abetting under 18 U.S.C. §§ 1341 and 1342. The United States District Court for the Western District of Tennessee entered an Order of Judgment in a Criminal Case, requiring Robinson's imprisonment for 97.5 months, requiring Robinson to undergo three months of supervised release, and directing Robinson to pay criminal restitution in the amount of $286,875.00. (Order of Judgment, *United States v. Robinson*, 2:95-cr-20252-BBD, D.E. # 249).

On March 4, 1997, Robinson pleaded guilty to charges of wire fraud and aiding and abetting under 18 U.S.C. §§ 1342 and 1343. The United States District Court for the Western District of Tennessee entered an Order of Judgment in a Criminal Case, requiring Robinson's imprisonment for twenty-four months and directing Robinson to pay criminal restitution in the amount of $100,000.00. (Order of Judgment II, *United States v. Robinson*, 2:96-cr-20161-JSG, D.E. # 20).

On May 7, 2012, Robinson filed for protection under Chapter 13 of the United States Bankruptcy Code. (Memorandum and Order at 3, D.E. # 1-2). As of the commencement of the Chapter 13 case, Robinson had paid $7,779.44 of the $286,875.00 restitution order and $200.00 of the $100,000.00 restitution order. (*Id.*). Pursuant to 11 U.S.C. § 521, Robinson filed a schedule of assets with the Bankruptcy Court, listing an IRA account valued at $47,000.00, a tax refund valued at $4,500.00, and three automobiles: a 2006 Toyota Highlander valued at $6,000.00, a 2001 Toyota Solara valued at $2,000.00, and a 1991 Infiniti i30 valued at $900.00. (*Id.*) Robinson claimed the full amount of his IRA and $1,500 of the value of the Highlander as exempt under Tennessee law. (*Id.*) Robinson also filed a schedule of debts with the Bankruptcy

Court, listing the Department of Justice as an unsecured creditor in the amount of $283,101.00. (*Id.*) Robinson further disclosed monthly income of $4,983.33 to the Bankruptcy Court. (*Id.*)

The United States filed a Motion for Declaratory Judgment or Alternatively for Dismissal or Termination of Stay on June 26, 2012, asking the Bankruptcy Court to declare 11 U.S.C. § 362's automatic stay provisions inapplicable to collection of criminal restitution under either 18 U.S.C. § 3613(a) or 11 U.S.C. § 362(b)(1); in the alternative, the United States asked for a determination that the United States was entitled to general relief from the automatic stay. (*Id.*) The Bankruptcy Court held that the so-called "criminal action or proceeding" exception to the automatic stay under 11 U.S.C. §362(b)(1) allowed the United States to enforce a restitution order against property of the debtor, but not against property of the bankruptcy estate. The Bankruptcy Court further held 18 U.S.C. § 3613(a), did not speak to enforcement of a fine or restitution order against property of the bankruptcy estate, so did not allow the United States to pierce § 362(a)'s stay of action against property of the bankruptcy estate. The Bankruptcy Court also found the United States had not shown sufficient cause to terminate the automatic stay in its entirety; however, the Bankruptcy Court determined the United States had shown sufficient cause to terminate the automatic stay as to Robinson's IRA account and two of Robinson's vehicles. The United States timely appealed the Bankruptcy Court's determination on the issue of whether the automatic stay applied to protect property of the bankruptcy estate against the United States' efforts to enforce a criminal restitution order.

## JURISDICTION AND STANDARD OF REVIEW

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees" of the bankruptcy courts.[1] The District Court for the

[1] 28 U.S.C. § 158(a)(1).

Western District of Tennessee has authorized appeals of final orders of the Bankruptcy Court for the Western District of Tennessee to the Bankruptcy Appeals Panel ("Panel") for the Sixth Circuit Court of Appeals, and in the ordinary course of business the Panel hears all such appeals.[2] However, an appellant may, at the time of appeal, elect to have a district court hear his appeal.[3] The United States has so elected in this matter.[4]

A district court reviews the factual findings of a bankruptcy court for clear error.[5] However, a district court reviews the bankruptcy court's determinations of law *de novo*.[6] As statutory interpretation is a purely legal question, the Court will review the Bankruptcy Court's order *de novo*.[7]

**ANALYSIS**

**I.**

Commencement of a case under Title 11 ("the Bankruptcy Code") creates a bankruptcy estate, consisting *inter alia* of and subject to certain exceptions not applicable here "all legal or equitable interests of the debtor in property as of the commencement of the case."[8] Section

---

[2] *See* Administrative Order 99-33 (W.D. Tenn. 1999); 28 U.S.C. § 158(b).

[3] 28 U.S.C. § 158(c)(1)(A).

[4] Election, D.E. # 1-3.

[5] *In re Global Technovations, Inc.*, 694 F.3d 705, 715 (6th Cir. 2012).

[6] *Id.*

[7] *United States v. Caldwell*, 49 F.3d 251, 252 (6th Cir. 1995).

[8] 11 U.S.C. § 541(a)(1).

362(a) of the Bankruptcy Code creates various stays by operation of law on the filing of a bankruptcy petition ("the automatic stay").[9] The automatic stay, in relevant part, applies to:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such line secures a claim that arose before the commencement of the case under this title;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.][10]

However, 18 U.S.C. §3613 provides "[n]ot withstanding any other Federal law . . . a judgment imposing [restitution] may be enforced against all property or rights to property of the person [ordered to pay restitution.]"[11] Section 3613 goes on to enumerate three exceptions not applicable here.[12]

**II.**

The learned Bankruptcy Court, noting that 18 U.S.C. § 3613(a) is "powerful and far-reaching," nevertheless concluded it "does *not* allow [an] order of restitution to be routinely

---

[9] 11 U.S.C. § 362(a).

[10] *Id.*

[11] 18 U.S.C. § 3613(a), (f).

[12] These three exceptions deal with property exempted from levy by the Internal Revenue Code, property exempted under the Federal Debt Collection Act, and restrictions on the amount a judgment creditor may garnish under the Consumer Credit Protection Act. 18 U.S.C. § 3613(a)(1)-(3).

enforced against ***property of the estate***, absent authorization of the bankruptcy court."[13] The Bankruptcy Court then gave a detailed explanation of the distinctions between property of the estate, property of the debtor, the bankruptcy estate, and the debtor under Bankruptcy Law. However, the Bankruptcy Court does not explain why, in particular, the Bankruptcy Code should be exempt from the "powerful and far-reaching" effect of § 3613, and here is where the Court arrives at a conclusion contrary to that reached by the Bankruptcy Court.

**A.**

It seems beyond dispute, and it appears at this stage of the proceedings the parties do not dispute, that the United States may enforce a criminal fine or restitution order as against a debtor in bankruptcy personally. The Bankruptcy Court found the necessary statutory authority for so holding in the language of § 362(b)(1), determining § 362(b)(1) allowed the United States, while enforcing a criminal fine or restitution order, to ignore the automatic stay with respect to the debtor or the debtor's property only. However, it is the opinion of the Court that the operation of § 3613(a) renders the Bankruptcy Code's distinctions between the debtor, property of the debtor, the bankruptcy estate, and property of the bankruptcy estate a nullity, and that § 3613(a)'s express language prevents the application § 362(a)'s various stays to the United States' efforts to enforce a criminal fine or restitution order.

"[W]hen 'the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it by its terms.'"[14] The Court finds Congress' language exceedingly clear: "[n]ot withstanding *any* other Federal law" means

---

[13] Mem. and Order at 12.

[14] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)) (internal quotations omitted).

the provisions of § 3613 apply without regard to any other federal enactment.[15] "[T]he use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."[16] "[T]he Courts of Appeals generally have 'interpreted similar notwithstanding language . . . to supersede *all other laws*, stating that '[a] clearer statement is difficult to imagine.'"[17]

Were the United States' efforts to collect a criminal fine or restitution order subject to the Bankruptcy Code, the Bankruptcy Court's analysis would be persuasive. Section 541(a) of the Bankruptcy Code both divests a debtor in bankruptcy of all his interests in "all legal or equitable interests of the debtor in property" and transfers such interests to the bankruptcy estate.[18] Logically, if the operation of law strips a person of ownership in property and then vests that ownership in a new entity, the first person no longer owns that property. Section § 3613(a) by its terms only allows the United States to enforce a criminal fine or restitution order against "property of the person ordered to pay[,]"[19] so does not allow the United States to enforce a criminal fine or restitution order against property of someone else: in this case, the property of the bankruptcy estate.

---

[15] *See United States v. DeCay*, 620 F.3d 534, 540 (5th Cir. 2010) ("[T]he 'notwithstanding any other Federal law" clause signals a clear Congressional intent to override conflicting federal law") (holding language sufficient to override anti-alienation provisions of Internal Revenue Code with respect to pension fund).

[16] *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) (interpreting Housing and Urban Development contract).

[17] *Id*. (quoting *Liberty Mar. Corp. v. United States*, 928 F.2d 413, 416 (D.C. Cir. 1989) (further quoting *Crowley Carribean Trans., Inc. v. United States*, 865 F.2d 1281, 1283 (D.C. Cir. 1989)) (emphasis added). *See also Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 670 (6th Cir. 1991) *vacated and remanded on other grounds* 503 U.S. 902 (1992).

[18] 11 U.S.C. § 541(a).

[19] 18 U.S.C. § 3613(a).

The key point on which this Court bases its disagreement with the Bankruptcy Court is that § 3613(a) allows the United States to enforce a criminal fine or restitution order "notwithstanding *any* other Federal law[.]"[20] Such a statement by the legislature "broadly sweep[s] aside potentially conflicting laws,"[21] including the Bankruptcy Code. The use of "notwithstanding" indicates a "clear intent to override any conflicting statutes in existence."[22]

Congress confirmed that broad intent with § 3613(a)'s language, specifically stating § 207 of the Social Security Act does not serve to limit the "notwithstanding" language of § 3613(a). Section 207 of the Social Security Act provides "[n]o other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."[23] Congress was so intent the United States could enforce a criminal fine or restitution order that it included a specific override to the Social Security Act's protections, making plain that it now abrogated its previous command that Social Security payments not be subject to "execution, levy, attachment, or other legal process."[24] How much more certain, then, should the Court be that Congress intended § 3613(a) to apply to the Bankruptcy Code? As the Ninth Circuit explained with respect to § 3613(a)'s application to ERISA, "[t]here was no need [for

[20] *Id.*

[21] *United States v. Novak*, 476 F.3d 1071, 1046 (9th Cir. 2007) (citing *Cinseros*, 508 U.S. at 18) (construing language of 18 U.S.C. § 3613(a) to allow United States to pursue assets held in ERISA-qualified account.)

[22] *Bank of New England Old Colony, N.A. v. Clark*,986 F.2d 600, 604 (1st Cir. 1999) (applying to doctrine of implied repeal).

[23] Social Security Act § 207 *codified at* 42 U.S.C. § 407(b).

[24] 42 U.S.C. § 407(a).

Congress] similarly to specify other . . . statutes . . . that do not mandate a clear statement for override."[25] Like ERISA, the Bankruptcy Code contains no express override provision.

The question arises, then, how the Court may effectuate Congress' clear wish that the United States be able to collect a criminal fine or restitution order notwithstanding any contrary federal law. The Court determines the answer lies in the interaction of § 3613(a) and § 541(a). Section 541(a) transfers a debtor in bankruptcy's interests in property to the bankruptcy estate.[26] As apparent from the cogent discussion of the Bankruptcy Court, such a transfer, if valid as against the United States, puts the criminal defendant's assets effectively out of reach of the United States for the duration of the bankruptcy case, or at least until such time as the bankruptcy trustee abandons them. Such a result is at odds with Congress' clearly-stated wishes that the United States may enforce a criminal fine or restitution order notwithstanding *any* federal law.

Although "repeals by implication are not favored . . . . [w]here provisions in . . . two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier act[.]"[27] It is evident to the Court that § 541(a), when viewed in concert with § 362(a), necessarily conflicts with § 3613(a). Section 3613(a) articulates a clear Congressional policy that no Federal law can interfere with the United States' enforcement of a fine or restitution order against the property of the person ordered to pay. Were the Court to construe the Bankruptcy Code in such a manner that it could preempt this command, § 3613(a) would, in large part, become a nullity. A person sentenced to pay restitution could simply seek refuge in

[25] *Novak*, 476 F.3d at 1048.

[26] 11 U.S.C. § 541(a)(1).

[27] *Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 503 (1936).

the Bankruptcy Court and delay justice during the administration of a bankruptcy plan. Such a construction would rob fines and restitution orders of their teeth.

"When two statutes conflict the general rule is that the statute last in time prevails as the most recent expression of the legislature's will."[28] Congress enacted both § 541 and § 362 in their materially identical forms on November 6, 1978.[29] Congress first amended § 3613(a) to include the "notwithstanding" language at issue on April 24, 1996.[30] The Court presumes Congress was aware of § 541 and § 362 when it amended § 3613.[31] Therefore, to the extent § 3613(a) conflicts with § 541 and § 362, the Court must find § 3613(a) supersedes § 541 and § 362. A defendant ordered to pay a criminal fine or restitution may not make a transfer of assets to the bankruptcy estate that is valid as against the United States when the United States seeks to enforce a criminal fine or restitution order. In the parlance of the Bankruptcy Code, the United States may "avoid" such a transfer,[32] and treat such transfer as having never occurred with respect to its efforts to enforce a criminal fine or restitution order.

Once the Court sweeps away the detritus of the various entities and categories of property created by § 541, it becomes apparent that for these purposes there is no "property of the bankruptcy estate;" there is only property of the person ordered to pay restitution. That the

[28] *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local 737 v. Auo Glass Emp. Credit Fed. Credit Union*, 72 F.3d 1242, 1248 (6th Cir. 1996) (quoting *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)).

[29] Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2594.

[30] Mandatory Victims Restitution Act, Pub. L. 104-132, Title II, § 207(c)(3), 110 Stat. 1238.

[31] *Int'l Union*, 72 F.3d at 1248 (citing *Mile v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990)).

[32] *See, e.g.* 11 U.S.C. § 548(a)(1).

person ordered to pay transferred his property to the legal fiction of the bankruptcy estate by operation of § 541 makes no difference: the United States is entitled to enforce its order "notwithstanding any Federal law," including those laws which purport to divest the person ordered to pay of title. It is also likewise clear § 3613(a) trumps the automatic stay of § 362(a): again, the United States may enforce its order "notwithstanding any Federal law." Therefore, the Court determines that § 3613(a) allows the United States to enforce a criminal fine or restitution order against all property of the person ordered to pay, regardless of whether the debtor in bankruptcy or the bankruptcy estate holds nominal title to such property.

**B.**

The Court finds further support for this view in § 3613(a)'s enumerated exceptions. "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of a contrary legislative intent."[33] Had Congress wished to exempt a defendant's property transferred to the legal fiction of a bankruptcy estate from § 3613(a)'s ambit, it knew how to do so: there are three specific exceptions to the general prohibition against applying federal law to defeat the United States' collection of restitution in the text of § 3613(a).[34] None of these exemptions mention the Bankruptcy Code generally or §§ 362 or 541 specifically. The natural reading of § 3613(a), therefore, is that Congress intended no federal law other than those specifically enumerated to interfere with the United States' efforts in this area. The Court must presume Congress did not wish even the powerful protections of the Bankruptcy Code to shield the property of a person ordered to pay criminal restitution from the United States' collection efforts.

---

[33] *Andrus v. Glover Const. Co.*, 446 U.S. 616-17

[34] 18 U.S.C. § 3613(a)(1)-(3).

**C.**

The Court notes § 3613(a) allows the United States to "enforce a judgment imposing a fine [or restitution] in accordance with the practice and procedures for the enforcement of a civil judgment under . . . State law."[35] There is congruency between the Court's holding today and state law. State law provides specific remedies for judgment creditors when a judgment debtor seeks to shield assets by transferring them to another entity. The Uniform Fraudulent Transfers Act ("UFTA"), enacted by forty-three states (including Tennessee) plus the District of Columbia and the U.S. Virgin Islands,[36] provides that a creditor may avoid a fraudulent transfer to the extent necessary to satisfy the creditor's claim.[37] A transfer is fraudulent "as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time."[38] It is beyond question that a petition for protection under the bankruptcy code is a judicial admission of insolvency.[39] As the

[35] 18 U.S.C. § 3613(a).

[36] *See* "Legislative Fact Sheet – Fraudulent Transfer Act", http://www.uniformlaws.org/LegislativeFactSheet.aspx?title=Fraudulent%20Transfer%20Act, last retrieved June 4, 2013. The Court further notes that UFTA is a continuation and codification of common-law tradition against fraudulent transfers dating back to the Statute of Elizabeth (13 Eliz. 1, c. 5) in 1571.

[37] UFTA § 7.

[38] UFTA § 5(a).

[39] *See Liberty Nat'l Bank of Roanoke, Va. v. Bear*, 265 U.S. 365, 370 (1924); *see also* 11 U.S.C. § 547(b) (Trustee may avoid transfers made within 90 days of filing of bankruptcy petition due to presumption of insolvency at time of transfer.)

transfer to the bankruptcy estate is *gratis*, the debtor cannot have received reasonably equivalent value for the transfer of assets.[40]

Of course, the preemption of state law by the Bankruptcy Code normally obviates this discussion of whether a transfer to the bankruptcy estate constitutes a fraudulent transfer under UFTA.[41] This is not a normal situation: here the Court faces an express Congressional command that the provisions of "other Federal law[s]" do not bar enforcement of a restitution order in accordance with state law for collection of a civil judgment. It seems clear to the Court that Congress intended the United States to avoid fraudulent transfers as provided by state law, the Bankruptcy Code notwithstanding.

**II.**

The Bankruptcy Court discussed the purposes of the Bankruptcy Code in its opinion:

> The federal system of bankruptcy is designed not only to distribute the property of the debtor, not by law exempted, fairly and equally among his creditors, but as a main purpose of the act, intends to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character, after the property which he owned at the time of bankruptcy has been administered for the benefit of creditors. Our decisions lay great stress upon this feature of the law—as one not only of private but of great public interest in that it secures to the unfortunate debtor, who surrenders his property for distribution, a new opportunity in life.[42]

---

[40] That the debtor receives the protection of the automatic stay under § 362 does not support an argument the debtor receives reasonably equivalent value. The debtor receives the protection of the automatic stay regardless of whether the debtor actually transfers any property to the bankruptcy estate. *See* 11 U.S.C. § 362(a).

[41] The Court notes the Bankruptcy Code also allows the trustee in bankruptcy to avoid certain transfers as fraudulent under materially similar circumstances. *See* 11 U.S.C. § 547,

[42] *Stellwagen v. Clum*, 245 U.S. 605, 617 (1918) (citing *Burlingham v. Crouse*, 228 U.S. 459, 473 (1913) *Traer v. Clews*, 115 U.S. 528, 541); *Wetmoer v. Markoe*, 196 U.S. 68, 77 (1904); *Hanover Nat. Nat'l Bank v. Moyses*, 186 U.S. 181, 192 (1902); *Neal v. Clark*, 95 U.S. 704, 709 (1877)).

However, as the Bankruptcy Court also noted, Congress did not intend the Bankruptcy Code to be a haven for criminal offenders.[43] Instead, Congress intended that "[c]riminal actions and proceedings may proceed *in spite of bankruptcy*."[44]

To the extent the Bankruptcy Court held that the criminal actions and proceedings exception allowed the United States to enforce a criminal fine or restitution order as against the debtor in bankruptcy (or his property) personally, the Court agrees. Where the Bankruptcy Court found public policy mandated the protection of property of the bankruptcy estate as against the United States government when continuing a criminal action, the Court believes the Bankruptcy Court struck the wrong balance. Section 3613(a) provides a clear congressional mandate: despite the operation of other law, the United States must be able to enforce criminal fines and restitution orders against the property of criminal defendants ordered to pay them. Congress, in enacting the Bankruptcy Code, noted that it did not intend the Bankruptcy Code to interfere with the swift and sure operation of justice. In light of these Congressional statements of public policy, the Court cannot agree with the Bankruptcy Court that public policy now demands it allow a criminal defendant, adjudged guilty in a competent court and ordered to pay restitution, to delay justice by taking refuge under the Bankruptcy Code.

**CONCLUSION**

Because the Court finds Congress' plain language indicates it intended § 3613(a) to sweep aside the protections of the Bankruptcy Code, the Court determines the United States may enforce its restitution orders against Robinson's property, whether nominally held by Robinson

---

[43] H.R. Rep. No. 595, 95th Cong. 1st Sess. at 342 *reprinted in* 1978 U.S.C.C.A.N. 5787, 6299; S. Rep. No. 989, 95th Cong., 2d Sess. at 51 (1978) *reprinted in* 1978 U.S.C.C.A.N. 5787, 5837.

[44] *Id.* (emphasis added).

or Robinson's bankruptcy estate. Therefore, the Court **VACATES** the portions of the Bankruptcy Court's Order inconsistent with this Order, and **REMANDS** this case to the Bankruptcy Court for further proceedings.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 14, 2013.